UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:24-CR-05-KKC

UNITED STATES OF AMERICA                                            PLAINTIFF

V.                              PLEA AGREEMENT

GABRIEL HOWELL                                                      DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment charging a violation of 18 U.S.C. § 115(A)(1)(b), threatening to assault a federal law enforcement officer. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence with respect to the term of imprisonment. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement the agreed disposition will be in the judgment.

2. The essential elements of the Indictment are:

(a) The defendant threatened to assault a federal law enforcement officer;

(b) The defendant did so with the intent to:

      (i) impede, intimidate, or interfere with the federal law enforcement officer while he or she was engaged in the performance of official duties; or

      (ii) retaliate against the federal law enforcement officer on account of the performance of the federal law enforcement officer's official duties.

3. As to the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) On March 30, 2024, the Defendant destroyed a mailbox owned by FBI Special Agent Randolph Copley at his personal residence in Pike County, Kentucky, in the Eastern District of Kentucky. The Defendant left a note on a large metal pipe extending from the damaged mailbox which stated: "You've got mail, Guess who. It's not a game. It's people's life's." When confronted about the incident, the Defendant admitted to destroying the mailbox and leaving the note.

    (b) The Defendant returned to Special Agent Copley's residence in the early morning hours of April 8, 2024, and threatened to assault Agent Copley. Given the hour and Howell's prior destruction of the mailbox with the metal pipe, Agent Copley went armed to approach Howell at the end of his driveway. During this incident, the Defendant threatened to jump up and force Special Agent Copley to shoot him.

    (c) The Defendant's post-*Miranda* interview confirms the threatening intent and link to Agent Copley's duties. Before March 30, 2024, the Defendant provided Agent Copley information that he believed concerned criminal activity and Agent Copley directed the Defendant to the FBI hotline. The Defendant stated that he was angry and felt that Special Agent Copley blew him off. He admitted that he destroyed Special Agent Copley's mailbox to send a message to him. The Defendant stated that he went to Special Agent Copley's residence on April 8, 2024, because he was an FBI Agent and that SA Copley had not helped him with information that the Defendant felt was important; information that made the Defendant

feel afraid. The Defendant confirmed that he wanted SA Copley to feel afraid as well. The Defendant further described a pipe as his "weapon of choice[,]" noting that he struck another individual in August of 2023 in the head with a length of metal causing an injury requiring 11 staples.

4. The statutory punishment for the Indictment is not more than 6 years imprisonment, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. The United States and the Defendant agree to the following sentence with respect to the term of imprisonment, which binds the Court upon acceptance of this plea agreement:

    (a) The Defendant's term of imprisonment shall be 21 months.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States

may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: _____   By: _____
W. Pearce Nesbitt

Assistant United States Attorney

Date: 1-17-25

*Gabe Howell* (signature)

Gabriel Howell
Defendant

Date: 1/17/25

*Michael B. Fox* (signature)

Michael B. Fox
Attorney for Defendant