UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO.:  7:24-CR-05-KKC

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V.  **SENTENCING MEMORANDUM** | |
| GABRIEL HOWELL | DEFENDANT |

Comes now the Defendant, Gabriel Howell, by counsel, and submits the following sentencing memorandum setting forth factors the Court should consider in determining the type and length of sentence sufficient, but not greater than necessary, to comply with the applicable law set forth in 18 U.S.C. § 3553(a), *U.S. v. Booker*, 543 U.S. 220 (2005) and *U.S. v. Fanfan*, 542 U.S. 963 (2004). This matter is before the Court for sentencing as a result of the Defendant's plea of guilt to Count One of the indictment, Threatening to Assault a Federal Law Enforcement Officer, a violation of 18 U.S.C. § 115(a)(1)(B).  In support hereof, Defendant relies upon the following discussion of applicable law, relevant facts and circumstances which have important bearing upon consideration of a just sentence in this matter.

In  *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court held that the United States Sentencing Guidelines are not a mandatory constraint on the District Court's sentencing discretion. In *Booker*, the Supreme Court found the United States Sentencing Guidelines (U.S.S.G.) unconstitutional insofar as it required courts to consider conduct at sentencing that was not proven by the government beyond a

reasonable doubt to a jury. As such, the court concluded that the Sentencing Guidelines were simply one of several factors which should be considered pursuant to 18 U.S.C. § 3553(a) in determining an appropriate sentence. As such, the obvious will be stated at the outset.

18 U.S.C. § 3553(a) establishes seven (7) factors that shall be considered by the Court in imposing any sentence. Those factors, and their application to this case, are discussed below:

1. **The nature and circumstances of the offense and the history and characteristics of the defendant**

Gabriel Howell was born in Pikeville, Kentucky on February 26, 1979. His parents are Robert and Juantia Howell. Gabriel was primarily raised by his grandparents, who provided a stable home, free from any neglect or abuse. While his parents were not his primary caregivers, Gabriel maintained a consistent and positive relationship with them both. Gabriel still shares a close relationship with his father and had a very close relationship with his mother until she passed away in 2021. Gabriel is one of five (5) siblings. Unfortunately, despite being part of a large family, Gabriel has had little to no contact with his siblings over the years, with the exception of his brother, Daniel Howell, with whom he shared a close relationship to prior to his death in 2017.

On October 19, 2002, Gabriel married Tiffany Hall in Floyd County, Kentucky. Gabriel and Tiffany have been separated for more than ten (10) years but are still legally married. They share three (3) children together. Trevor Howell, age twenty (20), Gabrielle Howell, age seventeen (17), and Keaton Howell, age fourteen (14). Trevor Howell lives in Floyd County, Kentucky and maintains contact with his father. Gabrielle Howell and

Keaton Howell live with their mother, Tiffany Hall, and the defendant's aunt. Gabriel has not had recent contact with his daughters.

At the age of fifteen (15), Gabriel started using marijuana. He used marijuana daily until he reached the age of forty (40). He began drinking large quantities of alcohol in his teenage years and began using unprescribed prescription pain pills in his late twenties. As a result of Gabriel's drug and alcohol abuse, Gabriel's children were removed from his custody. From the age of forty (40) until he was forty-four (44), Gabriel began using Methamphetamine on occasion. Gabirel would benefit from drug abuse treatment and therapy and welcomes to opportunity to receive that care and treatment while incarcerated.

Gabriel attended Betsy Lane High School in Stanville, Kentucky. He withdrew from school when he was in 10th grade. He has participated in GED classes while he was incarcerated in the past but has not obtained a GED. Gabriel has expressed a strong interest in finishing his classes to obtain a GED and appears to have the intellectual capacity to do so in the short term. These interests and desires demonstrate a commitment to self-improvement and a willingness to take positive steps toward rebuilding his life. Gabriel has skills in the construction industry and has a long work history with Prater Construction in Pike County, Kentucky. He maintained consistent employment with Prater until his arrest. He also has experience in landscaping, and mechanical work.

Gabriel is in overall good health and does not suffer from any physical condition which requires treatment. Gabriel would likely benefit from mental health treatment to address what appears to be anxiety, depression and the inability to adequately manage certain emotions.

The facts constituting the crime for which Gabriel is convicted are not in dispute. However, the underlying facts in this case are somewhat unusual and warrant discussion here. Gabriel has never had and continues to have no animosity toward the victim in this matter. Gabriel's actions were motivated exclusively by his fear that his daughters were being sexually abused and his frustration in not being able to convince law enforcement to assist him in protecting his daughters. Prior to the event in question, Gabriel had reached out to numerous law enforcement agencies and officers in an attempt to convince them to investigate his belief that both of his daughters were being sexually abused by adult men. These requests for assistance were not successful. Gabriel had performed work for the victim and considered him to be a friend. Gabriel was also aware that the victim was a special agent for the Federal Bureau of Investigation. It was Gabriel's perception that he had a friendship with the victim that caused him to reach out to the victim seeking an investigation into the crimes he believed were being committed against his daughters. When the victim did not respond as Gabriel expected he exercised extremely poor judgment in attempting to get the victims "attention" by destroying the victim's personal property. Gabriel compounded this bad decision with yet more bad decisions by going to the entrance of the victim's property late at night in an attempt to have further conversations regarding his daughters' safety. At no point during his contact with the victim did Gabriel possess any weapons. The victim was rightly concerned, but Gabriel did not brandish or possess any weapons at any time in the presence of the victim. Gabriel has admitted to making poor choices leading up to and during the instant offense. He takes full responsibility and apologizes for his actions, recognizing the harm his actions have caused to the victim and his family.

2. **The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes; (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

The Court is obligated to impose a sentence in this matter that recognizes the seriousness of the crime and promotes respect for the law. Gabriel's conduct since his arrest has been exemplary and he is on course to live a crime-free life and become a productive citizen once he has satisfied his obligations to the Court and society. He has been fully compliant with the Court and the expectations of the Detention Center when he was incarcerated.

3. **The kinds of sentences available**

Probation or other alternative sentences are not appropriate in this matter. The Presentence Investigation Report recommends that Gabriel's total offense level in this case is 15 with a criminal history category of II, resulting in a guideline range of 21-27 months. The parties entered into a binding plea agreement in this matter, imposing incarceration for a period of 21 months.

While the fine range for the instant offense is from $7,500 to $75,000, Gabriel's financial circumstances do not warrant a fine, and no fine is recommended by the probation officer.

4. **The kinds of sentences in the sentencing range established by the United States Sentencing Guidelines**

Incarceration, not probation is appropriate in this case.

5. **Any pertinent policy statement established by the Sentencing Commission**

Gabriel is unaware of any "pertinent policy statement established by the sentencing commission" which would have a bearing on the sentencing in this matter.

### 6. The need to avoid unwarranted sentencing disparities among defendants with similar records or who have been found guilty of similar conduct

The Judiciary Sentencing INformation (JSIN) data indicate that "[D]uring the last five fiscal years (FY2020-2024), there were 14 defendants whose primary guideline was §2A6.1 with a Final Offense Level of 15 and a Criminal History Category of II, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 13 defendants (93%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 20 month(s) and the median length of imprisonment imposed was 21 month(s).

### 7. The need to provide restitution to any victims of the offense

The Probation officer has recommended that the Defendant be ordered to pay restitution, however the PSIR indicates no restitution amount has been identified or requested by the victim(s) in this case.

As established in *United States v. Booker*, 125 S. Ct. 738, 756 (2005), the Sentencing Guidelines are merely one of seven factors that must be considered in determining an appropriate sentence. Consideration of the factors discussed above and their applicability to the facts and circumstances in this matter is warranted and required.

It has been said that the primary goals of the justice system are to punish wrongdoers, make victims of crime whole and to hold a person who has committed a crime accountable while attempting to rehabilitate him so he may return to the community and become a productive citizen. Gabriel respectfully asserts that an analysis and application of

18 U.S.C. § 3553(a)(1) and (2) along with the facts and circumstances that gave rise to this indictment, as well as his conduct after arrest, results in a conclusion that imposition of a sentence consistent with the binding plea agreement is appropriate.

    WHEREFORE, based upon the foregoing the Defendant respectfully requests that he be sentenced to a term of incarceration consistent with the analysis above.

Respectfully Submitted,

/s/ Michael B. Fox_____
Michael B. Fox
Fox Law Office
P.O. Box 1450
Olive Hill, KY 41164
(606) 286-5351
(606) 286-5352 (fax)
mike@foxlaw1.com
*Counsel for Defendant,*
*Gabriel Howell*

CERTIFICATE OF SERVICE

    I hereby certify that on April 24, 2025, I electronically filed the foregoing with the clerk of the court by using CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Michael B. Fox_____